AO 245D  (Rev. 11/16) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | ) | (for **Revocation** of Probation or Supervised Release) |
| v. | ) | |
| GREGORY SNIDER | ) | Case Number: 3:10-CR-132-MMD-VPC |
| | ) | |
| | ) | USM Number: 45619-048 |
| | ) | |
| | ) | Biray Dogan, AFPD |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

x admitted guilty to violation of condition(s) __see below__ of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1 | Failure to be truthful to all inquiries | 11/4/2016 |
| 2 | Failure to maintain employment* | 8/2/2016 |
| 3 | Association with criminals | 11/4/2016 |
| 4 | Violation of Minor Prohibition | 11/4/2016 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

x    The Court grants the Government's motion to dismiss violation number 5 and amend violation number 2.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  2141

Defendant's Year of Birth: 1989

City and State of Defendant's Residence:
Reno, NV

1/10/2017
Date of Imposition of Judgment

Signature of Judge

MIRANDA M. DU, U.S. DISTRICT JUDGE
Name and Title of Judge

January 12, 2017
Date

*Defendant admits to not being employed since July 31, 2016.

Case 3:10-cr-00132-MMD-VPC   Document 46   Filed 01/12/17   Page 2 of 7

AO 245D  (Rev. 11/16) Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment - Page  2  of  7

DEFENDANT: GREGORY SNIDER
CASE NUMBER: 3:10-CR-132-MMD-VPC

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 6 | Pornography Prohibition | 11/4/2016 |
| 7 | Computer Pornography Prohibition | 11/4/2016 |
| 8 | Computer Restriction and Monitoring | 11/4/2016 |

AO 245D  (Rev. 11/16) Judgment in a Criminal Case for Revocations
Sheet 2 - Imprisonment

Judgment - Page 3 of 7

DEFENDANT:  GREGORY SNIDER
CASE NUMBER:  3:10-CR-132-MMD-VPC

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  NINE (9) months

x  The court makes the following recommendations to the Bureau of Prisons:
 that the defendant be designated to serve his term of incarceration at MDC Los Angeles, CA or MDC San Diego, CA.

x  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐  at _____  ☐ a.m. ☐ p.m. on _____.
   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on _____.
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNTIED STATES MARSHAL

DEFENDANT:  GREGORY SNIDER
CASE NUMBER:  3:10-CR-132-MMD-VPC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  LIFE.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of substance abuse. *(check if applicable)*
4. x  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. x  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

AO 245D  (Rev. 11/16) Judgment in a Criminal Case for Revocations
    Sheet 3A - Supervised Release

Judgment - Page __5__ of __7__

DEFENDANT:  GREGORY SNIDER
CASE NUMBER:  3:10-CR-132-MMD-VPC

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D  (Rev. 11/16) Judgment in a Criminal Case for Revocations
    Sheet 3D - Supervised Release

Judgment - Page  6  of  7

DEFENDANT:  GREGORY SNIDER
CASE NUMBER:  3:10-CR-132-MMD-VPC

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. To ensure compliance with all conditions of release, the defendant shall submit to the search of his person, and any property, residence, business or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. You shall reside at and participate in the program of a residential re-entry center for a period of six months as approved and directed by the probation officer.

4. You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

5. You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

6. The defendant shall not associate with children under the age of 18, without the consent of a parent or guardian who is aware of the nature of the defendant's background and offense conduct. Furthermore, the association shall only occur in the presence of a responsible adult who is also aware of the nature of the defendant's background and offense conduct. The consent and notifications shall be confirmed and approved by the probation officer in advance. The defendant shall not loiter within 100 feet of places primarily used by children under the age of 18. This includes, but is not limited to, school yards, playgrounds, arcades, public swimming pools, water parks, and day care centers. The defendant shall not engage in any occupation, either paid or volunteer, that caters to known persons under the age of 18.

7. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment program, which may include polygraph examinations, as approved and directed by the probation officer, and as recommended by the assigned treatment provider.

8. Notice to Employer of Computer Restriction - The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon him/her. This includes activities in which the defendant is acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

9. The defendant shall not possess, own, use, view, or read any material depicting and/or describing 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), or 'actual sexually explicit conduct' involving adults, as defined by 18 U.S.C. § 2257(h)(1). This prohibition includes, but is not limited to, computer images, pictures, photographs, books, writings, drawings, videos, or video games. The definition under 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. The definition under 18 U.S.C. § 2257(h)(1) means actual, but not simulated, conduct as defined in clauses (a) - (e) above. Furthermore, the defendant shall not patronize any place where the primary purpose is related to such material or entertainment.   ***SEE NEXT PAGE FOR ADDITIONAL CONDITION***

AO 245D  (Rev. 11/16) Judgment in a Criminal Case for Revocations
Sheet 3C - Supervised Release

Judgment - Page 7 of 7

DEFENDANT: GREGORY SNIDER
CASE NUMBER: 3:10-CR-132-MMD-VPC

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

10. The defendant shall keep the probation officer accurately informed of all computers and computer related digital devices or equipment with memory and/or wireless capabilities that he/she owns, uses, possesses or has access to. This includes, but is not limited to, desktop, laptop, and tablet computers, smart phones, cameras, digital readers, and thumb drives. The defendant shall provide to the probation officer all device and program passwords and internet service provider information, upon request. The defendant shall consent to the installation of any hardware or software systems on any computer or computer related digital device, to monitor the use of said equipment, at the direction of the probation officer; and the defendant agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. Furthermore, the defendant shall consent to the inspection, imaging, copying of data, or removal of any device to ensure compliance with conditions